## No. 11,932.

### Radovich *v.* Douglas.

Decided June 11, 1928.

Messrs. Underhill & Hotchkiss, for plaintiff in error.

Messrs. Moynihan, Hughes & Knous, for defendant in error.

*Department Two.*

Mr. Justice Butler delivered the opinion of the court.

Fred Douglas, the plaintiff below, recovered judgment against Mary O. B. Radovich on two causes of action; one for libel, the other for slander. The defendant contends that the communications are qualifiedly privileged; whereas, the plaintiff contends that the question of qualified privilege is not in the case. The court adopted the latter view, and framed the instructions to the jury in accordance therewith. If the theory adopted by the trial court is wrong, the instructions given are erroneous and the judgment should be reversed; otherwise, the judgment should be affirmed.

Qualified privilege is an affirmative defense, to be pleaded by the defendant. Where, however, the complaint sufficiently pleads facts showing that the publication is privileged, it is not necessary for the defendant to affirmatively plead that defense; she may safely rely upon the plaintiff's pleading to bring that defense into the case. But if the defendant neither relies upon such allegations in the complaint, nor herself affirmatively pleads facts showing the publications to be privileged, but as her sole defense denies the existence of the facts that make the publications privileged, it is evident that no such defense is presented. That is what occurred in the present case. In his complaint, the plaintiff alleges that at the time of the publications complained of he was employed at the Smuggler-Union mine; that the publications were made by the defendant to Robert Livermore; and that Livermore at the time was president of the Smuggler-Union Mining Company. Assuming that this amounts to an allegation that the company was operating the mine, and therefore was the plaintiff's employer, and assuming further that the allegations are sufficient to show qualifiedly privileged communications, the defendant, in her verified answer, denies all these allegations. Denials constitute her sole defense. The allegations that the publications were made to Livermore and that he at

the time was president of the company are directly and positively denied. As to whether the plaintiff was employed at the mine, the defendant swore that she "has not and cannot obtain sufficient knowledge or information upon which to base a belief." By her answer, the defendant completely destroyed all claim of privilege based upon the allegations of the complaint. To make a communication to an employer concerning his employee qualifiedly privileged, it must be made in good faith, by one who has an interest in the subject-matter, or who has a duty in reference thereto. The duty need not be a legal one; a moral or social duty of imperfect obligation is sufficient. Where an employer inquires of a person concerning the character of the former's employee, the one to whom the inquiry is addressed has such moral or social duty. Whether one who volunteers the information to an employer comes within the protection of the rule need not be determined here. One who does not know that the one to whom she makes the communication is the employer of the one about whom the communication is made, and who therefore is not aware of the existence of any such moral or social duty on her part, cannot claim that she made the communication to an employer in performance of a moral or social duty. This being true, she cannot successfully contend that the communication is qualifiedly privileged. Besides, in the present case, the defendant denies under oath that she made any such communication to Livermore. This being the state of the pleadings, the trial court did not err in submitting the case to the jury on the theory that the defense of qualified privilege is not in the case.

The judgment is affirmed.

Mr. Chief Justice Denison, Mr. Justice Adams and Mr. Justice Campbell concur.